### FRANK G. JOHNSON *v.* SAMUEL DANIELS.

*General assumpsit.   Privity of contract.   Promise to pay the debt of another.*

1.  Defendant's son made a contract to draw stone for the R. G. W. Co. and employed the plaintiff to assist him.  Before beginning work the son assigned to the defendant whatever might become due him under the contract, and the defendant received this from the company. *Held*, that the plaintiff could not maintain general assumpsit against the defendant for the value of his services rendered the son.  The money which the defendant received was the son's and the plaintiff had no equitable title to any portion of it.

2.  After the plaintiff's services were completed, and before the defendant had received all the money from the company, the defendant verbally promised the plaintiff to pay him the amount of his debt when he received the balance. *Held*, that the defendant was not liable on this promise although he afterwards received from the company a sum larger than the claim of the plaintiff.

This was an action in assumpsit, and the case was heard upon the report of a referee at the June Term, 1889, Royce, Ch. J., presiding.  Judgment for the defendant and exceptions by the plaintiff.

From the report it appeared that one Charles Daniels, a son of the defendant, contracted to haul stone for the Ryegate Granite Works, and hired the plaintiff to assist him about that business. The plaintiff's debt was for services rendered under this hiring. The son owned a part of the team used in drawing the stone and the defendant the rest.  The defendant had a lien for the purchase money on the son's portion.  It was not claimed that the

defendant was liable to the plaintiff under the original employ-
ment, unless the son was the agent of the defendant, and in this.
case the referee found that he was not.

August 23, the day on which he commenced work, the son.
assigned whatever he might earn to the defendant. Sept. 28·
the son collected $75 and receipted for it in the defendant's·
name.

Subsequently to this and after the plaintiff's labor had been
entirely performed, the plaintiff met the defendant and had a.
conversation with him, in virtue of which the plaintiff claimed to·
recover.   With reference to this the referee reported :

"I find that subsequent to the said 28th day of August, the·
exact date did not appear, but it was after the plaintiff's labor·
had been performed, the plaintiff met the defendant in the vil-·
lage of Hardwick, near what is called the Hearse house, and had,
some talk about the plaintiff's bill.   Talk was also had about the
assignment and the collection of $75 by Charles ; talk was had
about the amount of the pay due and unpaid for Charles' labor..
I find that the defendant agreed that the plaintiff should have his.
pay when he collected the balance due from the Ryegate Gran-
ite Works for amount due Charles ; and that the defendant told
the plaintiff that he intended to collect the balance in the hands.
of the Ryegate Granite Works, for if Charles collected it, neither·
he (Samuel) nor the plaintiff would ever get it."

Still later the defendant collected as the balance due the son.
from the Granite Works a sum larger than the plaintiff's debt,.
but this was more than exhausted in the payment of bills con-
tracted about the business, which the defendant had guaranteed.
as the work progressed.

*L. D. Hathaway,* for the plaintiff.

The plaintiff earned a portion of this money which the defend-
ant received, and it equitably belongs to him.   *Burnap* v.
*Partridge,* 3 Vt. 144 ; *Penniman* v. *Patchin,* 5 Vt. 346 ; *Cen-
tre Turnpike Co.* v. *Smith,* 12 Vt. 212 ; *Doon* v. *Ravey,* 49·
Vt. 293.

Moreover the defendant promised that when he received the money from the Granite Company he would pay the plaintiff his debt. Upon the strength of this the plaintiff forebore to trustee that company. This was the forbearance of a legal right and a good consideration. *Howard* v. *Cook,* 25 Vt. 295; *Lamson* v. *Hobart,* 28 Vt. 697; *Cross* v. *Richardson,* 30 Vt. 641; *Templeton* v. *Bascom,* 33 Vt. 132; *Bellows* v. *Sowles,* 57 Vt. 164.

*A. B. Thomas* and *Bates & May,* for the defendant.

The plaintiff was hired by the defendant's son, and the son only was liable under the original contract.

The verbal promise made after the work was performed would not bind the defendant. It was the promise to pay the debt of another. There was no consideration and no novation took place. *Phalan* v. *Stiles,* 11 Vt. 82; *Bacon* v. *Bates,* 53 Vt. 30; *Rix* v. *Adams,* 9 Vt. 233; *Snow* v. *Hix,* 54 Vt. 478; *Fullam* v. *Adams,* 37 Vt. 391.

The opinion of the court was delivered by

ROWELL, J. The plaintiff claims recovery on two grounds only: (1) That defendant's son assigned to defendant only what he and his team earned, and that in receiving all that was due his son from the company, defendant received what plaintiff had earned, which, never having been assigned to the defendant, was really plaintiff's money in defendant's hands, for which this action will lie; and (2), that relying on defendant's promi e that plaintiff should have his pay when defendant collected the balance due his son from the company, plaintiff forebore to sue the son and trustee the company and thus collect his debt.

Neither of these grounds are tenable. As to the first, there was no privity between the plaintiff and the company. The company owed him nothing and had no money in its hands belonging to him. Its contract was with defendant's son alone, and the money that the defendant received from it was the son's

Johnson *v.* Daniels.

money and not the plaintiff's. Plaintiff's claim was an ordinary debt against the son, and the fact that he earned some of the money that the company owed the son did not make it his money nor give him any interest in it that the law can take cognizance of.

As to the second ground, it is enough to say that it does not appear that the plaintiff forebore to sue the son and trustee the company by reason of the defendant's promise that he should have his pay in the event named.

*Judgment affirmed.*